## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ADMIRALTY ISLAND FISHERIES, INC., a Washington Corporation, d/b/a/ Aqua Star,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **8:05CV541** |
| **vs.** | ) ) | **ORDER** |
| **MILLARD REFRIGERATED SERVICES, INC.; a Georgia corporation; and DOES 1 to 50, inclusive,** | ) ) ) ) | |
| **Defendants.** | ) ) | |
| ——————————————— | ) | |
| **NATIONAL FIRE INSURANCE OF HARTFORD as Subrogee of Suram Trading Corporation,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON as Subrogee of Icicle Seafoods, Inc., and** | ) ) ) ) | |
| **HARTFORD CASUALTY INSURANCE COMPANY, as Subrogee of Global Fishing, Inc.,** | ) ) ) ) | **8:06CV421** |
| **Intervening Plaintiffs,** | ) ) | **ORDER** |
| **vs.** | ) ) | |
| **MILLARD REFRIGERATED SERVICES, INC.,** | ) ) ) | |
| **Defendant.** | ) ) | |
| ——————————————— | ) | |

   This matter is before the court on the motion of Admiralty Island Fisheries, Inc., for

leave to file an amended or supplemental complaint.  Having considered the parties' written

submissions, and noting the response in objection filed by Millard Refrigerated Services, Inc., I find that the motion should be granted.

The filing of supplemental pleadings is governed by Fed. R. Civ. P. 15(d), which provides:

> **Supplemental Pleadings.**  Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

The decision to grant or to deny leave to file a supplemental pleading is left to the "broad, but sound," discretion of the trial court.  *NordicTrack, Inc. v. Consumer Direct, Inc.*, 158 F.R.D. 415, 421  (D. Minn. 1994).  Rule 15(d) "is a tool of judicial economy and convenience.  Its use is therefore favored."  *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 236 F.R.D. 491, 495  (E.D. Cal. 2006).

> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading.  It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.  So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.
>
> ....The  clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy....

*Id.* at 496 (quoting *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988)).

In this instance, Admiralty Island Fisheries (Admiralty) alleges that its seafood product disappeared from Millard Refrigerated Services' warehouse as the result of an ongoing

employee theft problem.   During discovery, Admiralty received documentary evidence reflecting additional losses and shortages it attributes to Millard's ongoing theft problem. These losses either occurred or became evident after the complaint was filed.   Thus, Admiralty wishes to amend its complaint to include the amount of the newly discovered losses.

In general, leave to amend a complaint should be freely given if there is no justifiable reason for denying the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment.   *See Foman v. Davis*, 371 U.S. 178, 182 (1962).   In this case, the proposed amended pleading is meant to incorporate alleged "transactions or occurrences or events" which happened or were discovered after the complaint was filed. The specific changes are limited to changing the amount sought from $453,338.00 to $650,338.00; there are no other changes to the original complaint.

Considering all these factors, and in the interest of judicial economy, I find that the motion should be granted.

**IT IS ORDERED:**

1.   The motion of Admiralty Island Fisheries, Inc., for leave to file an amended or supplemental complaint is granted.

2.   Admiralty Island Fisheries, Inc. shall file and serve the amended complaint no later than May 30, 2007.   Adverse parties shall respond to the amended complaint within the time allowed by Fed. R. Civ. P. 15(a).

**DATED May 18, 2007.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-3-