IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADMIRALTY ISLAND FISHERIES, INC., a Washington Corporation, d/b/a/ Aqua Star,<br><br>    Plaintiff,<br><br>  vs.<br><br>MILLARD REFRIGERATED SERVICES, INC.; a Georgia corporation; and DOES 1 to 50, inclusive,<br><br>    Defendants.<br>_____ | 8:05CV541<br><br>ORDER |
| NATIONAL FIRE INSURANCE OF HARTFORD as Subrogee of Suram Trading Corporation,<br><br>    Plaintiff,<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON as Subrogee of Icicle Seafoods, Inc., and<br><br>HARTFORD CASUALTY INSURANCE COMPANY, as Subrogee of Global Fishing, Inc.,<br><br>    Intervening Plaintiffs,<br><br>  vs.<br><br>MILLARD REFRIGERATED SERVICES, INC.,<br><br>    Defendant.<br>_____ | 8:06CV421<br><br>ORDER |

    This matter is before the court on the Motion to Compel Discovery filed by Millard Refrigerated Services, Inc. ("Millard") against National Fire Insurance of Hartford as Subrogee of Suram Trading Corporation ("Suram"), Certain Underwriters at Lloyd's of London as Subrogee of Icicle Seafoods, Inc. ("Icicle"), and Hartford Casualty Insurance Company, as Subrogee of Global

Fishing, Inc. ("Global").  Millard has complied with the requirements of NECivR 7.1(i).  Response time has passed, and the court has not received any response in opposition to the motion.

The record shows that Millard served the following discovery requests:

| Date Served | Type of Request | Party Served |
|---|---|---|
| July 7, 2006 | Interrogatories | Suram |
| July 7, 2006 | Requests for Production | Suram |
| January 24, 2007 | Interrogatories | Icicle |
| January 24, 2007 | Requests for Production | Icicle |
| January 24, 2007 | Interrogatories | Global |
| January 24, 2007 | Requests for Production | Global |
| February 28, 2007 | Deposition Notices | Suram, Icicle and Global |

Some time before February 28, 2007, Suram produced "a box of documents," apparently in response to Millard's requests for production.[1]  See Motion ¶ 4.  Otherwise, the parties have not responded to Millard's discovery requests.

I have reviewed the requests at issue and find that they are permissible under Fed. R. Civ. P. 26(b)(1).  Further, by failing to timely respond, Icicle and Global have waived all objections to all the interrogatories and requests for production served by Millard, and Suram has waived all objections to Millard's interrogatories.  Suram, Icicle and Global will be given until and including **June 20, 2007** to fully respond to Millard's discovery requests.

Millard also complains that Suram, Icicle and Global have not cooperated in scheduling the depositions of their corporate representatives.  Counsel are no doubt aware that, pursuant to Fed. R. Civ. P. 30(b)(6), a party may name as the deponent a public or private corporation, partnership, association, or governmental agency.  The organization must then designate one or more officers, directors, managing agents, or other persons to testify as to each matter.

Since the current progression order requires that all depositions be completed by August 2, 2007, Suram, Icicle and Global are strongly encouraged to cooperate in identifying their

---

[1]Millard has not raised any specific issue as to the adequacy of Suram's document production.

corporate representatives and in scheduling their Rule 30(b)(6) depositions. Failure to do so may result in the imposition of sanctions under Fed. R. Civ. P. 37.

Finally, I find that the circumstances of this particular dispute would make an award of expenses unjust, and I decline to award costs or fees to the prevailing party. See Fed. R. Civ. P. 37(a)(4)(B). Although an award of expenses would be unjust in this instance, I will not hesitate to impose monetary sanctions for any future episodes of this nature.

**IT IS ORDERED** that Millard's Motion to Compel Discovery is granted, as follows:

1. Icicle and Global have waived all objections to all the interrogatories and requests for production served by Millard, and Suram has waived all objections to Millard's interrogatories.

2. Suram, Icicle and Global are given until and including **June 15, 2007** to respond to Millard's discovery requests, in full compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.

3. Suram, Icicle and Global shall identify their corporate representatives and provide firm dates for their representatives' depositions by **June 7, 2007.** No later than **June 15, 2007**, counsel for Millard, Icicle, Global and Suram shall file a **joint status report** addressing their progress in scheduling these Rule 30(b)(6) depositions.

**DATED May 31, 2007.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**
