IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ADMIRALTY ISLAND FISHERIES, INC.**, a Washington corporation, d/b/a Aqua Star, | ) ) ) ) | **CASE NO. 8:05CV541** |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| **MILLARD REFRIGERATED SERVICES, INC.**, a Georgia corporation, and DOES 1 to 50, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| **NATIONAL FIRE INSURANCE OF HARTFORD** as Subrogee of Suram Trading Corporation, | ) ) ) ) | **CASE NO. 8:06CV421** |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON** as Subrogee of Icicle Seafoods, Inc., and | ) ) ) ) | |
| **HARTFORD CASUALTY INSURANCE COMPANY** as Subrogee of Global Fishing, Inc., | ) ) ) ) | |
| Intervening Plaintiffs, | ) ) | |
| v. | ) ) | |
| **MILLARD REFRIGERATED SERVICES, INC.**, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Partial Summary Judgment filed by Plaintiff, National Fire Insurance of Hartford as subrogee of Suram Trading Corporation

("National Fire") (Filing No. 35) and the Motion for Leave to Complete Necessary Discovery Prior to Responding to National Fire's Motion for Partial Summary Judgment filed by Defendant Millard Refrigerated Services, Inc. ("Millard Refrigerated"). (Filing No. 48).

On May 2, 2007, National Fire filed a Motion for Partial Summary Judgment. (Filing No. 35). On May 9, 2007, Millard Refrigerated filed a Motion to Compel Discovery (Filing No. 47) and a Motion for Leave to Complete Necessary Discovery Prior to Responding to Plaintiff's Motion for Summary Judgment. (Filing No. 48). On May 31, 2007, Magistrate Judge F.A. Gossett granted Millard Refrigerated's Motion to Compel Discovery. (Filing No. 58). Judge Gossett ordered Suram, Icicle and Global, to respond to Millard Refrigerated's discovery requests by June 15, 2007, in full compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure; to identify their corporate representatives in compliance with Rule 30(b)(6); and to provide firm dates for its representatives' depositions by June 7, 2007.

In Millard Refrigerated's Motion for additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f), Millard Refrigerated argues that National Fire's Motion for Partial Summary Judgment is premature because discovery has not been completed. Further, Millard Refrigerated states that Suram has not fully responded to written discovery requests and that necessary depositions have not been taken, all of which Millard Refrigerated needs to oppose National Fire's motion. While summary judgment may be sought and granted prior to the completion of discovery, if a party is not able to state essential facts in opposition to a motion for summary judgment due to an inability to conduct discovery, a court may deny the motion or may give the non-moving party additional time to take depositions or to conduct discovery. Fed. R. Civ. P. 56(f). Millard Refrigerated states that several depositions that it intends to take have not been taken and that these depositions

are necessary to defend against National Fire's motion. I find that Millard Refrigerated has not had enough time to complete discovery and that National Fire's Motion for Partial Summary Judgment was filed prematurely, given Suram's failure to properly respond to Millard Refrigeration's written discovery. For these reasons, National Fire's Motion for Partial Summary Judgment will be denied without prejudice. In accordance with the Progression Order (Filing No. 29), the Court will permit National Fire to revive its Motion for Partial Summary Judgment no earlier than August 2, 2007, but not later than August 30, 2007. Finally, because I deny National Fire's Motion for Partial Summary Judgment, Millard Refrigerated's Rule 56(f) Motion for Time to Conduct Discovery is denied as moot.

Accordingly,

IT IS ORDERED:

1. Because the Court erroneously referenced the moving plaintiff in the Memorandum and Order dated June 5, 2007 (Filing No. 59), the Memorandum and Order dated June 5, 2007 is withdrawn, and the Clerk is directed to strike it from the record;

2. The Motion for Partial Summary Judgment filed by National Fire Insurance of Hartford as subrogee of Suram Trading Corporation (Filing No. 35) is denied without prejudice to reassertion, if at all, on a date after August 2, 2007, and before August 30, 2007;

3. If National Fire Insurance of Hartford as subrogee of Suram Trading Corporation chooses to revive its Motion for Partial Summary Judgment at a later time rather than to re-file revised or amended documents, then National Fire may file a single-page notice to that effect, asking the Court to revive the motion, brief, and evidence by reference to the document name

and docket numbers; and

4. The Defendant's Motion for Leave to Complete Necessary Discovery prior to responding to Plaintiff's Motion for Summary Judgment (Filing No. 48) is denied as moot.

Dated this 14th day of June, 2007.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    United States District Judge